UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Senior Solutions, ) ) Plaintiff, ) Civil Action No.: _____ ) v. ) ) COMPLAINT Palmetto Senior Solutions, LLC, ) ) (Jury Trial Demanded) Defendant. ) ) | |

Senior Solutions ("Plaintiff"), complaining of Palmetto Senior Solutions, LLC ("Defendant"), alleges the following:

**THE PARTIES**

1. Plaintiff is a non-profit corporation organized and existing under the laws of South Carolina having a principal address of 3420 Clemson Blvd., No. 17, Anderson, SC 29621.

2. Upon information and belief, Defendant is a limited liability company, organized and existing under the laws of the South Carolina, having a principal place of business at 1807 N. Blvd., Anderson, SC 29621.

**JURISDICTION**

3. This action arises under the Lanham Act pursuant to 15 U.S.C. §§ 1051 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338.

4. The state and common law causes of action are properly before this Court pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5. Venue is proper under 28 U.S.C. § 1391(b), as the parties reside in this District and Division; and the acts committed by Defendant that serve as the grounds for this complaint occurred in this District and Division.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff is the owner of common law trademark rights in the mark "Senior Solutions" (the "Mark") for geriatric services, including, financial services, Medicare and insurance services, healthcare services, assisted living services, care management services, transportation services, senior center services and meal provisions services (the "Services").

7. Plaintiff has been using the Mark in association with the Services since at least as early as 2001.

8. Plaintiff is the owner of a South Carolina State Trademark Registration for the Mark.

9. A true and correct copy of Plaintiff's trademark registration is attached as Exhibit A.

10. Plaintiff has extensively used the Mark to promote and market its Services in both electronic and print advertisements.

11. Through Plaintiff's use of the Mark, consumers have come to recognize the Mark as indicating Plaintiff as the source of its services.

12. Through its use of the Mark, Plaintiff has developed substantial statutory and common law rights to the Mark.

13. Defendant is using the mark "Palmetto Senior Solutions" in association with geriatric services, namely Medicare and insurance services (the "Infringing Mark").

14. The Infringing Mark is confusingly similar to Plaintiff's Mark.

15. Defendant's services are similar to Plaintiff's services.

16. Defendant's services are related to Plaintiff's services.

17. Defendant is using the Infringing Mark in association with its geriatric services in the same market that Plaintiff provides its services.

2

18. Defendant provides its geriatric services to the same customers to whom Plaintiff provides its services.

19. Plaintiff's first use of the Mark predates Defendant's first use of the Infringing Mark.

20. Plaintiff's rights to the Mark are superior to any rights that Defendant may claim to the Infringing Mark.

21. Defendant's use of the Infringing Mark is likely to cause consumer confusion as to the source of Defendant's services.

22. Defendant's use of the Infringing Mark is likely to cause consumers to mistakenly believe that Defendant is affiliated with or sponsored or endorsed by Plaintiff.

23. Defendant's use of the Infringing Mark is causing actual consumer confusion as to the source of Defendant's services.

24. Defendant's use of the Infringing Mark is causing consumers to mistakenly believe that Defendant is affiliated with or sponsored or endorsed by Plaintiff.

## FIRST CAUSE OF ACTION
### False Designation of Origin and Unfair Competition
### (15 U.S.C. §1125(a))

25. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-24 as if fully repeated herein.

26. Plaintiff is the owner of valid and enforceable common-law trademark rights to the Mark.

27. Plaintiff is using its Mark in the same geographic areas as Defendant's use of the Infringing Mark.

28. Plaintiff is using its Mark to provide the same or similar services as Defendant provides.

29. Plaintiff provides its services to the same or similar customers as those of Defendant.

3

30. Defendant is falsely designating the source of its services as though they originated from Plaintiff.

31. Defendant is in direct competition with Plaintiff.

32. Defendant's unauthorized use of the Infringing Mark is likely to cause consumer confusion.

33. Defendant's unauthorized use of the Infringing Mark has caused actual consumer confusion as to the source of Defendant's services.

34. As a result of Defendant's unauthorized use of the Infringing Mark, consumers are confusing the source of Defendant's services with those of Plaintiff.

35. Defendant's use of the Infringing Mark constitutes false designation of origin and unfair competition.

36. Defendant is using the Infringing Mark with an intent to deceive consumers regarding the source of its services.

37. Defendant is using the Infringing Mark to intentionally cause consumers to mistakenly believe that Defendant's services are provided by Plaintiff.

38. Defendant is using the Infringing Mark to cause consumers to believe that Plaintiff's location has changed.

39. Plaintiff is entitled to an injunction to prevent Defendant from using the Infringing Mark or any other mark that is confusingly similar to Plaintiff's Mark.

40. Plaintiff has no adequate remedy at law concerning the confusion created by Defendant's use of the Infringing Mark.

GREENVILLE 319549v1

41. Plaintiff is entitled to damages which include, but are not limited to, the profits of Defendant while using the Infringing Mark, lost sales, costs of the action, and other damages as may be determined at trial.

42. Defendant's actions are willful and with knowledge of Plaintiff's rights.

43. Defendant's actions have resulted in actual consumer confusion.

44. This is an exceptional case entitling Plaintiff to treble damages and attorney fees.

## SECOND CAUSE OF ACTION
### Violation of the SC Unfair Trade Practices Act
### (S.C. Code Ann. § 39-5-10 et seq.)

45. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-44 as if fully repeated herein.

46. Defendant's actions are deceptive in that the are likely cause consumer confusion regarding the source of Defendant's services.

47. Defendant's action are deceptive in that they have caused consumers to mistakenly believe that Defendant's services are being provided by Plaintiff or that Defendant is affiliated, endorsed or sponsored by Plaintiff.

48. Defendant's action are deceptive in that they divert consumers looking for Plaintiff to Defendant.

49. Defendant's actions are capable of repetition and otherwise adversely affect the public interest.

50. Defendant's actions have continued despite Plaintiff's demand that Defendants cease using the Infringing Mark.

51. Defendant's actions, as described herein, are in violation of S.C. Code Ann. § 39-5-20(a).

52. Defendant's actions have been committed with the intent, purpose and effect of procuring an unfair competitive advantage over Plaintiff.

53. Defendant's actions have caused and are causing damages to Plaintiff.

54. Defendant's actions are causing Plaintiff irreparable harm.

55. Defendant's actions were and are a willful and knowing violation of S.C. Code Ann. § 39-5-20.

56. Plaintiff is entitled to an injunction against Defendant prohibiting Defendant from engaging in unfair and deceptive trade practices as well as treble damages plus attorney fees.

**WHEREFORE**, Plaintiff hereby requests a jury determination of the issues raised and prays that this Court and/or the trier of fact award the following relief:

A. A determination that Defendant has infringed Plaintiff's service mark rights;

B. A determination that Defendant's actions constitute false advertising and unfair competition;

C. A determination that Defendant's actions violate the South Carolina Unfair Trade Practices Act;

D. A temporary and permanent injunction against Defendant to enjoin Defendant and its officers, agents, licensees, and franchisee, and directors from providing geriatric, Medicare, insurance services and/or any related services in association with any trademark that contains or is confusingly similar to SENIOR SOLUTIONS;

E. A temporary and permanent injunction against Defendant to enjoin Defendant and its officers, agents, licensees, and franchisee, and directors from unfairly competing with Plaintiff.

F. An award of damages, including Defendant's profits, Plaintiff's lost sales, the costs of the action and attorneys' fees pursuant to 15 U.S.C. § 1117 and S.C. Code § 39-5-140, the amount of which is to be determined at trial; and,

G. For such other relief as this Court deems just and proper.

Date: October 20, 2014

Respectfully submitted,

McNAIR LAW FIRM, P. A.

s/Hunter Freeman
Hunter S. Freeman (Fed ID #9313)
Bernie W. Ellis (Fed ID #5650)
P.O. Box 447
Greenville, SC 29602
Telephone: 864-271-4940
Fax: 864-271-4015
Email: bellis@mcnair.net
Email: hfreeman@mcnair.net
*Attorneys for Plaintiff*

7